IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARYL WAYNE SMITH,**

    **Plaintiff,**

    v.

**DEPUTY SHERIFF JASON SCHWARCK,** *et al.*,

    **Defendants.**

        **Civil Action 2:24-cv-3344**
        **Judge Sarah D. Morrison**
        **Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

On June 20, 2024, Daryl Wayne Smith, a West Virginia resident proceeding *pro se*, filed a Motion for Leave to Proceed *in forma pauperis,* accompanied by a complaint. (ECF No. 1.) Noting that Mr. Smith had failed to sign his complaint, the Court issued a Deficiency Order on June 27, 2024. (ECF No. 2.) That Order stated, in relevant part:

> Pursuant to Fed. R. Civ. P. 11, every pleading, written motion, and other paper shall be signed by the party if not represented by counsel.
>
> Accordingly, the Clerk of Court is **DIRECTED** to return the original complaint to plaintiff. Plaintiff is **ORDERED** to sign the complaint and return it to the Clerk of Court within **thirty (30) days** if he still wishes to file a complaint in this matter. Plaintiff is advised that if he fails to comply with this Order within the requisite 30-day period, this case will be dismissed for want of prosecution.

Plaintiff has not filed a signed copy of his complaint as ordered. Moreover, on July 30, 2024, the Order directing Plaintiff to file a signed complaint was returned to the Court as undeliverable with the designation "Return to Sender, Attempted – Not Known, Unable to Forward." (ECF No. 3.) Plaintiff has not made any additional filings or otherwise contacted the Court in the interim.

The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

Under the circumstances here, the Undersigned **RECOMMENDS DISMISSAL** of Plaintiff's action pursuant to Federal Rule of Civil Procedure Rule 41(b).  Plaintiff has not apprised the Court of his current address.  *See Lewis v. Elliott*, No. CV 5:24-010-DCR, 2024 WL 1747625, at *1 (E.D. Ky. Apr. 23, 2024) (noting that a litigant "with a pending claim has an affirmative duty to ensure the Court is aware of any change in address" and citing *Barber v. Runyon,* No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994)).  Further, he has not otherwise demonstrated his intention to prosecute this case, having filed nothing since his initial motion.  Importantly, "[w]ithout such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute." *Gooch v. TGI Friday*, No. 2:13-CV-02326-JTF, 2013 WL 6669546, at *2 (W.D. Tenn. Dec. 18, 2013) (citing *White v. City of Grand Rapids,* 34 F. App'x 210, 211 (6th Cir.2002) (affirming district court's order dismissing *pro se* complaint without prejudice for want of prosecution because he failed to keep the court apprised of his current address)).  However, because, on the current record there is no evidence

that Plaintiff is acting willfully or in bad faith, and given the Plaintiff's *pro se* status, the Court recommends that such dismissal be **WITHOUT PREJUDICE**.

It is therefore **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants under Rule 41(b).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: August 6, 2024**            */s/ Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**