# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DARYL WAYNE SMITH,                     :    Case No. 2:24-cv-3344
                                       :
     Plaintiff,              :
                                       :
                                       :
vs.                                    :    District Judge Sarah D. Morrison
                                       :    Magistrate Judge Elizabeth P. Deavers
                                       :
DEPUTY SHERIFF JASON                   :
SCHWARCK, et al.,                      :
                                       :
     Defendants.             :

## ORDER AND REPORT
## AND RECOMMENDATION

Plaintiff, a prisoner currently at the Northern Regional Correctional Facility and Jail in Moundsville, West Virginia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Deputy Sheriff Jason Schwarck, Police Officer Hunter Sylvis, and the Red Roof Inn.  (*See* Doc. 1-1, Complaint at PageID 5-6).

By separate Order plaintiff has been granted leave to proceed *in forma pauperis.*  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

#### A.  Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing

so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands

---

[1] Formerly 28 U.S.C. § 1915(d).

on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Complaint**

Plaintiff brings this action in connection with his arrest and subsequent criminal charges in Bridgeport, Ohio. According to plaintiff, in January of 2022 Defendant Officer Hunter Sylvis of

the Bridgeport, Ohio Police Department charged plaintiff with "fraudulent and bogus felony charges." (Doc. 1-1, Complaint at PageID 10). Plaintiff alleges that he was originally arrested for violating a domestic protective order and assault. However, plaintiff claims that he was never charged with these offenses. Instead, he claims that he was charged with and later acquitted of possession of cocaine and tampering with evidence. According to plaintiff, these charges were based on manipulated body cam footage and a falsified police report issued by Sylvis, asserting that a bag of cocaine was found in the back of his police cruiser after plaintiff was taken into custody in the Belmont County Jail. Plaintiff claims that Sylvis's conduct amounted to false arrest and malicious prosecution, amongst other violations of his rights. (*See id.* at PageID 12).

### C. Analysis

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with the complaint against defendant Sylvis in his individual capacity. Plaintiff's claims against defendant Sylvis are deserving of further development and may proceed at this juncture.[2]

Plaintiff's remaining claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, although plaintiff includes Jason Schwarck and Red Roof Inn as defendants to this action, he includes no factual allegations against these defendants aside from his conclusory allegations that "Schwarck and the C.I.U. . . . used racist tactics to reason stopping me at the front desk of the Red Roof Inn" and "Red Roof Inn refused court order to return all personal

---

[2] The Court has not made a determination as to the merits of the claims or potential defenses thereto.

property." (Doc. 1-1, Complaint at PageID 7). Plaintiff's "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Accordingly, plaintiff has pled insufficient factual content to state a claim for relief against Schwarck and the Red Roof Inn. *See Twombly,* 550 U.S. at 5.

In the caption of the complaint form plaintiff also lists the Belmont County Sheriff's CIU Unit and Bridgetown Police Department as defendants. (*See* Doc. 1-1, Complaint at PageID 1). However, plaintiff has failed to state a viable claim against the county sheriff's office or the Bridgetown police department because they are not entities capable of being sued. *See Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002)); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridical entity subject to suit under Ohio law."). Accordingly, the complaint should be dismissed against the Belmont County Sheriff's Office and Bridgetown Police Department to the extent that plaintiff intended to name them as a defendant to this action.

Plaintiff has also failed to state an actionable claim against defendants Schwarck or Sylvis to the extent that he seeks to hold defendants liable in their official capacities.[3] Plaintiff's claims

---

[3] On the form complaint plaintiff checks the box indicating that he seeks to hold defendants liable in their official capacity. (*See* Doc. 1-1, Complaint at PageID 5-6). However, in the body of the complaint plaintiff indicates that defendant Sylvis *individually* violated his rights. (*Id.* at PageID 12). Construing the complaint liberally, the Court assumes that plaintiff seeks to hold defendants in both their official and individual capacities.

against these defendants are in reality official capacity claims Bridgetown and Belmont County, the entities of which defendants are agents. *See Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against the Bridgetown and Belmont County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or . . . a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). Plaintiff's official capacity claims in this case are subject to dismissal because plaintiff has failed to allege sufficient facts to plausibly suggest that his rights were violated by a custom or policy of Bridgewater or Belmont County, as would be required to hold defendants liable in an official capacity. *See Monell,* 436 U.S. at 690; *Graham ex. rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).    Accordingly, plaintiff's official capacity claims should be dismissed.

Accordingly, in sum, plaintiff may proceed with the complaint against defendant Sylvis in his individual capacity.  Having found that the remaining claims alleged in the complaint—including those against the remaining defendants, Jason Schwarck and Red Roof Inn—fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1.   The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B), with the exception of plaintiff's claims against Sylvis in his individual capacity.

2.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith,

and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1.   The United States Marshal shall serve a copy of the complaint, summons,

the Order granting plaintiff *in forma pauperis* status, and this Order and Report and

Recommendation upon defendant Sylvis, with costs of service to be advanced by the United

States.

2.   Plaintiff shall serve upon defendant or, if appearance has been entered by counsel,

upon defendant's attorney, a copy of every further pleading or other document submitted for

consideration by the Court.  Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed

to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge

which has not been filed with the Clerk or which fails to include a certificate of service will be

disregarded by the Court.

3.   Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit.

7

Date:   September 18, 2024                      s/ *Elizabeth A. Preston Deavers*
                                                Elizabeth A. Preston Deavers
                                                United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).