UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARYL WAYNE SMITH, | : | Case No. 2:24-cv-3344 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Elizabeth P. Deavers |
| DEPUTY SHERIFF JASON SCHWARCK, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Deputy Sheriff Jason Schwarck, Police Officer Hunter Sylvis, and the Red Roof Inn. (*See* Doc. 1-1, Complaint at PageID 5-6). As detailed below, the complaint was filed in connection with a March 26, 2019 incident and allegations of false arrest and malicious prosecution, amongst other claims. On October 9, 2024, the Court adopted a Report and Recommendation to dismiss plaintiff's claims against defendants Schwarck and the Red Roof Inn. (Doc. 15). With respect to defendant Schwarck, plaintiff's claims were dismissed because plaintiff failed to include any non-conclusory allegations against him. (*See* Doc. 10 at PageID 96-97). Plaintiff was permitted to proceed with his individual capacity claims against defendant Sylvis.

However, on October 28, 2024, a second complaint was received by the Court and docketed as a new complaint in *Smith v. Schwark*, Case No. 2:24-cv-4108 (S.D. Ohio Oct. 24, 2024). Because the complaint concerned the same March 26, 2019 incident and allegations of false arrest/malicious prosecution, the Court construed the new complaint to be plaintiff's

attempt to supplement the complaint filed in the instant action, rather than an attempt to initiate a new case.[1] *Id.* at Doc. 4. The Court directed the Clerk of Court to docket the complaint filed in Case No. 2:24-cv-4108 as a supplemental complaint in this case.

This matter is now before the Court for a *sua sponte* review of the supplemental amended complaint (Doc. 20) to determine whether the supplemental amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). This matter is also before the Court on defendant Sylvis' motion for judgment on the pleadings. (Doc. 34).

For the reasons that follow, it is **RECOMMENDED** that plaintiff be permitted to proceed in this action with his claims against defendants Schwarck and Reidell as asserted in the supplemental amended complaint.

It is **FURTHER RECOMMENDED** that the motion for judgment on the pleadings filed by defendant Sylvis (Doc. 34) be **GRANTED**.

## I. Screening of Plaintiff's Supplemental Amended Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

---

[1] As noted in the Order, plaintiff indicates in the second-filed complaint that it is based on the same facts as the original complaint filed in this action and but that he "misplaced and didn't add detailed statement of claim for Corp. Schwarck" in the first complaint. *Id.* at Doc. 1, PageID 14.

2

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands

---

[2] Formerly 28 U.S.C. § 1915(d).

on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Supplemental Amended Complaint**

In the supplemental amended complaint, plaintiff includes allegations against defendants Corporal Jason Schwarck and Deputy Sheriff Thomas Reidell of the Belmont County Sheriff's

4

Department.  (Doc. 20 at PageID 132).  As with the initial complaint filed in this case, the supplemental complaint includes allegations of malicious prosecution and false arrest, amongst other claims, in connection with his state-court criminal proceedings in Belmont County, Ohio.

Plaintiff alleges that on March 26, 2019 defendant Schwarck, in the course of an investigation of an alleged rape at the Red Roof Inn, violated his Fourth Amendment rights by searching his hotel room and person without his consent or probable cause.  (*Id.* at PageID 135-36).  Based on the allegations in the complaint and attached Ohio Court of Appeals decision, it appears that during the search of the room, Schwark discovered evidence which led to plaintiff's arrest on criminal drug charges.  (*See id.* at PageID 147, 149, 150).

After being handcuffed and searched for a third time (*see id.* at PageID 150), plaintiff claims he was transferred to the Belmont County Jail by defendant Reidell.  (*Id.* at PageID 136).  According to plaintiff, video footage of the sally port area of the jail shows plaintiff exit the police car without dropping anything and that no object is on the ground when he is taken into the jail.  (*Id.* at 136, 150).  Plaintiff further contends that Reidell is later seen "looking around as if he lost something" and "when Deputy Reidell pulls out of the sallyport, there is an object on the ground." (*Id.*).  Plaintiff claims that a transport officer subsequently retrieved the item—which was apparently determined to contain methamphetamine and cocaine (*See id.* at PageID 150)—and turned the item in to Schwarck.

Plaintiff was not ultimately charged with any offense related to the alleged rape or drugs found at the Red Roof Inn.  However, he was indicted on one count each of aggravated trafficking in drugs and tampering with evidence based on drugs found in the sally port.  On March 24, 2022, following a jury trial, plaintiff was found guilty of these charges.  However, on September 28, 2023, the Ohio Court of Appeals reversed and remanded the judgment of the trial court, finding

that the search of plaintiff's hotel room violated the Fourth Amendment and the drugs found in the sally port were inadmissible fruit of the poisonous tree. (*See id.* at 137, 154). It appears that on February 6, 2024, the trial court granted the State's motion to dismiss the charges against plaintiff.[3]

### C. Analysis

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff should be permitted to proceed with his claims against defendants Schwarck and Reidell in their individual capacities.[4] Although plaintiff's claims against defendant Schwarck in the original complaint were previously dismissed for failure to allege any non-conclusory allegations against him (*see* Doc. 15. *See also* Doc. 10 at PageID 96-97), plaintiff has cured this deficiency in the supplemental amended complaint. On this basis it is **RECOMMENDED** that plaintiff's claims against defendants Schwarck and Reidell, as stated in the supplemental amended complaint, be permitted to **PROCEED** for further development.

### II. Motion for Judgment on the Pleadings

As alleged in the original complaint, plaintiff's 42 U.S.C. § 1983 claims against defendant Sylvis include (1) false arrest and imprisonment, (2) intentional infliction of emotional distress, (3) malicious prosecution, and (4) abuse of process. (*See* Doc. 8). Defendant Sylvis has moved

---

[3] Viewed at https://eservices.belmontcountycourts.com/eservices/ under Case No. 19 CR 0200. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[4] Consistent with the screening of the initial complaint filed in this action, at this juncture the Court has not made a determination as to the merits of the claims asserted in the supplemental amended complaint or potential defenses thereto.

for judgment on the pleadings on the basis that plaintiff's claims against him are barred by the applicable statute of limitations. (Doc. 34).

Plaintiff's claims against Sylvis are related to those asserted in the supplemental amended complaint against Schwarck and Reidell, as they concern alleged false arrest and malicious prosecution with respect to charges that were indicted and tried in the same underlying Belmont County, Ohio criminal case. However, the claims stem from a separate incident that occurred on January 15, 2022, while plaintiff awaited trial on the earlier charges.

On that day, plaintiff alleges that Officer Sylvis charged him with "fraudulent and bogus felony charges." (Doc. 8 at PageID 76). According to plaintiff, Sylvis arrested him for violating a domestic protection order and assault. At the time of his arrest, plaintiff claims Sylvis searched him and recovered a small bag of marijuana. Plaintiff was placed into the police car and transported to the Belmont County Jail. However, plaintiff was not ultimately charged with violating the protective order or assault. (*Id.* at PageID 78). He was instead charged with possession of cocaine and tampering with evidence based on Sylvis' discovery of drugs in his cruiser after transporting plaintiff. Plaintiff alleges that Sylvis, in his police report, stated "The rear of my cruiser had been checked by me at the beginning of my shift as is regularly done. The baggie was not there prior to Mr. Smith entering my cruiser." (*Id.* at PageID 76, 78). Plaintiff's claims against Sylvis are premised on his allegation that Sylvis neglected to include that he placed another individual in the back of his cruiser before plaintiff and manipulated his body cam footage. (*Id.* at PageID 76-77). In support of his claims, plaintiff includes transcripts of Sylvis' trial testimony regarding his placement of a third-party in the car unattended and Sylvis turning off his body camera periodically. (*See id.* at PageID 76-78, 81-88).

7

On March 3, 2022, the State filed a superseding indictment which included the charges stemming from the January 15, 2022 incident and arrest. (*See* Doc. 20 at PageID 150). Plaintiff was arraigned on the new indictment on March 10, 2022. (*Id.* at PageID 151). On March 24, 2022, plaintiff was acquitted of the charges stemming from the January 15, 2022 arrest. (*See id*. at PageID 77. *See also* Doc. 20 at PageID 151).[5]

A. **Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Jackson v. Prof'l Radiology, Inc.*, 864 F.3d 463, 465–66 (6th Cir. 2017).

To survive a motion for judgment on the pleadings, plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). To show grounds for relief, Rule 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings offering mere "labels and conclusions' or a 'formulaic recitation of the elements of a cause of

---

[5] The Court may consider documents integral to or attached to the pleadings when ruling on a Rule 12 motion to dismiss without converting the motion to one for summary judgment. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In addition, the Court may examine public documents without converting the motion into one for summary judgment. *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001)). The Court "may take judicial notice of proceedings in other courts of record . . . ." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

action will not do.'" *Id.* In fact, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true." *Cincinnati Ins. Co. v. Beazer Homes Invs.*, LLC, 594 F.3d 441, 445 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Jackson*, 864 F.3d at 466 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n] – 'that the pleader is entitled to relief,'" judgment on the pleadings shall be granted. *Id.*

Finally, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and therefore are liberally construed." *Olivares v. Michigan Worker's Comp. Agency*, No. 18-2369, 2019 WL 2299250, at *2 (6th Cir. Apr. 16, 2019) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (vacating dismissal of civil rights complaint and remanding for further proceedings)); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) ("But we hold pleadings filed by a pro se litigant 'to less stringent standards than formal pleadings drafted by lawyers,' and [we] may not uphold the dismissal of' a pleading by a

9

pro se litigant simply because we think the allegations unlikely.") (quoting *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)). However, "'pro se plaintiffs are not automatically entitled to take every case to trial.'" *Robinson v. Killips*, No. 18-1485, 2019 WL 1931873, at *1 (6th Cir. Feb. 22, 2019) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) (affirming in part and reversing in part dismissal of pro se complaint).

### B. Analysis

Defendant Sylvis moves for judgment on the pleadings with respect to plaintiff's claims against him. Sylvis contends that plaintiff's claims stemming from the January 15, 2022 incident and arrest are barred by the applicable statute of limitations. For the reasons stated below, the motion should be granted.

A § 1983 claim is governed by Ohio's two-year statute of limitations found in Ohio Rev. Code § 2305.10. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). However, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[I]t is well settled that § 1983 claims accrue 'when the plaintiff has a complete and present cause of action'; that is, 'when the plaintiff can file suit and obtain relief." *Codrington v. Dolak*, 142 F.4th 884, 891 (6th Cir. 2025) (quoting *Wallace*, 549 U.S. at 388). A complete cause of action arises and the statute of limitations for filing an action alleging a constitutional violation generally begins to run "when the Plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). *See also Beaver St. Inv. v. Summit Cnty.*, 65 F. 4th 822, 826 (6th Cir. 2023). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir.

1997)). "'Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2).'" *Palma-Barillas v. Cnty. Jail Med. Staff,* No. 2:22-CV-2798, 2022 WL 3908884, at *2–3 (S.D. Ohio Aug. 31, 2022) (quoting *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)).

In this case, each of plaintiff's claims against defendant Sylvis accrued more than two years before the applicable statute of limitations expired.

First, as to his false arrest and imprisonment claim, the Supreme Court has held that the limitations period with respect to a false imprisonment or false arrest claim brought under 42 U.S.C. § 1983 begins upon the initiation of legal process, such as when the individual is bound over for trial or arraigned on charges. *Wallace,* 549 U.S. at 389-90. Here, plaintiff's false arrest claim accrued on March 10, 2022, the date of his arraignment and when his "detention without legal process" ended. *See Dibrell v. City of Knoxville,* 984 F.3d 1156, 1162 (6th Cir. 2021) (noting that after the issuance of legal process, "a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim") (citing *Wallace*, 549 U.S. at 390). The limitations period expired two years later, on March 10, 2024. Because plaintiff did not file the instant case until June 20, 2024, after the two-year limitations period expired, his false arrest and imprisonment claim should be dismissed as time-barred.

Plaintiff's intentional infliction of emotional distress and abuse of process claims should also be dismissed. Plaintiff bases his intentional infliction of emotional distress claim on his assertion that he knew he was being "set up" and that he was "made to sit in jail" as a result of the charges filed by defendant Sylvis. (Doc. 8 at PageID 78). Plaintiff similarly contends that Sylvis' "filing of a falsified police report" satisfies the abuse of process claim alone. (*Id.*). However,

11

plaintiff was arrested by defendant Sylvis on January 15, 2022, based on the alleged false police report, and his custody on the resulting charges ended on March 24, 2022 when he was acquitted of the charges. As alleged by plaintiff, the facts underlying his claims—the police report, the presence of a third party in the police car, and Sylvis' body cam footage—were all raised on cross-examination during his trial (*see* Doc. 8 at PageID 76) and therefore known to him prior to his acquittal. Accordingly, plaintiff was aware of the facts underlying his claims, as well as the injury on which they are based, by March 24, 2022 at the absolute latest. Plaintiff's intentional inflection of emotional distress and abuse of process claims, filed more than two years later on June 20, 2024, are time-barred.

Finally, plaintiff's malicious prosecution claim should be dismissed. The statute of limitations begins to run in § 1983 malicious prosecution cases when the plaintiff knows or has reason to know of the favorable termination of his action. *See King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) ("Because an element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused, the statute of limitations in such an action does not begin to run until the plaintiff knows of or has reason to know of such favorable termination.") (internal quotation marks and citation omitted). In this case, on March 24, 2022 plaintiff was acquitted of the charges initiated by Sylvis and based on the January 15, 2022 arrest. (*See* Doc. 20 at PageID 151; Doc. 36 at PageID 204). Again, plaintiff did not file this lawsuit until June 20, 2024, after the two-year limitations period expired. Because plaintiff failed to bring these claims within two years, plaintiff's malicious prosecution claim relating to these underlying convictions should be dismissed as barred by the statute of limitations.

The undersigned's opinion is not altered by plaintiff's arguments to the contrary. First, plaintiff suggests that in conducting the initial screening and granting plaintiff's *in forma pauperis* motion in this case that the Court already determined that plaintiff's claims are timely. (*See* Doc. 36 at PageID 206). However, the Court did not consider the statute of limitations in making its September 18, 2024 recommendation that his claims against defendant Sylvis proceed for further development or in granting plaintiff leave to proceed *in forma pauperis*. In fact, the Court specifically noted that plaintiff's *in forma pauperis* motion was granted "[a]fter consideration by this Court of the plaintiff's affidavit of indigence only, without regard to the merits of this case" (Doc. 9 at PageID 89-90) and that "[t]he Court has not made a determination as to the merits of the claims or potential defenses thereto," in allowing plaintiff's claims to proceed against defendant Sylvis at the screening stage (Doc. 10 at PageID 96, n.2).

Plaintiff also contends that his case was not final and his causes of action did not accrue until close of his direct appeal on September 28, 2023.[6] (Doc. 36 at PageID 204-205). As noted above, however, the charges related to defendant Sylvis were favorably terminated upon plaintiff's March 24, 2022 acquittal. *See King*, 852 F.3d at 578. Although plaintiff included two assignments of error pertaining to the charges initiated by defendant Sylvis on direct appeal—an improper joinder claim and juror bias claim[7]—plaintiff already "had a complete and present cause of action"

---

[6] Plaintiff asserts that he did not have access to the police report or body cam footage until after close of his direct appeal. (Doc. 42 at PageID 239; Doc. 43 at PageID 242). However, as noted above, plaintiff's complaint reveals that his trial counsel cross-examined Sylvis as to the third party in his police cruiser and gaps in the body cam footage during trial. Accordingly, plaintiff was aware of the facts underlying his claims and the injury upon which his claims are based at that time. *See Eidson*, 510 F.3d at 635, *Beaver*, 65 F.4th at 826.

[7] The undersigned agrees with defendant Sylvis that these assignments of error had no bearing on plaintiff's malicious prosecution or other claims against Sylvis in this action. In fact, the Ohio Court of Appeals dismissed his assignments of error as moot in light of his acquittal. (*See* Doc. 20 at PageID 155).

13

to bring his claims against Sylvis upon being acquitted of the charges at trial. *Codrington,* 142 F.4th at 891 (6th Cir. 2025). Furthermore, the undersigned notes that the two sets of charges—the March 26, 2019 charges involving Schwarck and Reidell and the January 15, 2022 charges involving Sylvis—arose from separate incidents, concerned different underlying conduct, and did not involve lesser-included offenses. Although plaintiff's initial trial resulted in a mixed verdict, the two sets of charges were not sufficiently intertwined such that the charges involving Sylvis were not favorably terminated and did not accrue until resolution of his appeal and dismissal of the remaining charges on which he was convicted. *See Brown v. Louisville-Jefferson Cnty. Metro Gov.*, 135 F.4th 1022, 1031-32 (6th Cir. 2025) (ruling that in a mixed-verdict case, charges had separate accrual dates where the offenses of conviction and acquittal do not share common elements or involve lesser-included offenses and involve different underlying conduct) (citing *Janetka v. Dabe*, 892 F.2d 187, 188 (2d Cir. 1989) and *Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009)).

Accordingly, in sum, plaintiff's claims against defendant Sylvis are barred by the applicable limitations period. Absent any showing or indication in the record that some extraordinary circumstances prevented plaintiff from timely filing his claims, *see Ashdown v. Buchanan*, No. 2:17-cv-495, 2021 WL 2643111, at *4-5 (S.D. Ohio June 28, 2021), the undersigned concludes that the motion for judgment on the pleadings (Doc. 34) should be **GRANTED** and plaintiff's claims against defendant Sylvis be **DISMISSED** on the ground that they are time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff be permitted to **PROCEED** in this action with his claims against defendants Schwarck and Reidell as asserted in the supplemental amended complaint.

2. The motion for judgment on the pleadings (Doc. 34) be **GRANTED** and plaintiff's claims against defendant Sylvis be **DISMISSED** on the ground that they are time-barred.

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:   August 4, 2025                                          s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge