UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARYL WAYNE SMITH,**

        **Plaintiff,**       :

  v.                      **Case No. 2:24-cv-3344**
                               **Chief Judge Sarah D. Morrison**
                               **Magistrate Judge Elizabeth**
**CORPORAL JASON SCHWARCK,**       **Preston Deavers**
*et al.*,                           :

        **Defendants.**

## ORDER

On September 15, 2025, the Court issued an Order adopting and affirming the Magistrate Judge's August 4, 2025, Report and Recommendation (R&R, ECF No. 45), granting Officer Sylvis' Motion for Judgment on the Pleadings (ECF No. 34.), and permitting Mr. Smith to proceed with his claims against Defendants Corporal Jason Schwarck and Deputy Sheriff Thomas Reidell. (Sept. 15 Order, ECF No. 46.) Mr. Smith had not filed objections by the date of the Court's Order. On September 22, 2025, Mr. Smith's Objections to the R&R were docketed. (Obj., ECF No. 47.) According to Mr. Smith, he failed to timely file objections because he did not receive the R&R until August 22, 2025. Accordingly, the Court **VACATES** the Sept. 15, 2025, Order (ECF No. 46) in favor of considering the merits of Mr. Smith's objections.

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. §

636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Mr. Smith objects to the Magistrate Judge's recommendation that the Court grant Officer Sylvis's Motion because his 42 U.S.C. § 1983 claims against Officer Sylvis are barred by the statute of limitations. (Obj., PAGEID # 263.) His claims against Officer Sylvis stem from a January 15, 2022 incident; he argues that he did not have "actual knowledge of the constitutional violation[]" underlying his claims until September 28, 2023 when he gained access to the police report and body cam footage from that incident. (*Id.,* PAGEID # 264.) The Magistrate Judge rejected this same argument, concluding that Mr. Smith was aware of the basis for his claims when his trial counsel cross-examined Officer Sylvis as to the police report and body cam footage during a proceeding that occurred more than two years before the applicable statute of limitations expired. (R&R, PAGEID # 259.) Mr. Smith offers no basis in his Objection to depart from the Magistrate Judge's conclusion.

Accordingly, the Court **OVERRULES** Mr. Smith's Objections (ECF No. 47), **ADOPTS** and **AFFIRMS** the R&R (ECF No. 45), **GRANTS** Officer Sylvis's Motion (ECF No. 34), and **DISMISSES** Mr. Smith's claims against Officer Sylvis.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON, CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**